IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CLAIRE COLON, | * |
|     Plaintiff, | * |
| v. | *   Case No. 1:17-cv-00775-JFM |
| UNITED STATES OF AMERICA, et al., | * |
|     Defendants. | * |

## DEFENDANT DAVID KASSOP'S MOTION TO DISMISS

The Defendant David Kassop ("Dr. Kassop"), through undersigned counsel, Charles N. Curlett, Jr. of Levin & Curlett LLC, hereby moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts IV and V of the Complaint. The grounds supporting this Motion are as follows:

### I.   INTRODUCTION

The Plaintiff, Clare Colon ("Ms. Colon"), has sued the United States of America ("the Government"), Secretary of Defense James Mattis ("Secretary Mattis"), and two doctors, MAJ David Kassop, an Army internist and cardiologist, and Dr. Steven Berkowitz, the mental health provider for the father of Ms. Colon's child, based on allegations that the doctors impermissibly disclosed Ms. Colon's confidential and protected medical records at various times. The Government and Secretary Mattis have moved to dismiss Counts I-III of the Complaint. (ECF 12, 12-1).

Dr. Kassop moves to dismiss the remaining counts, Counts IV and V, as to him because the Complaint fails to state a claim upon which relief can be granted. Count IV, pled as a "*Bivens* Violation of Ninth Amendment," would have this Court recognize a cause of action previously foreclosed by the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit. Simply put, *Bivens* has never been extended to recognize a constitutional claim under the Ninth Amendment, and the controlling jurisprudence cautions against extending *Bivens* beyond the

constitutional claims previously recognized. Accordingly, Count IV should be dismissed with prejudice.

The remaining claim, Count V, alleges a violation of the Maryland Confidentiality of Records Act ("the Act"). To sufficiently plead a violation of the Act, a plaintiff must plausibly allege, *first*, that the acts were undertaken in bad faith, and, *second,* that the relevant acts were taken in knowing violation of the Act. While the Act prohibits the unauthorized disclosure of protected health information, one who does so is not liable under the Act for civil damages if he acted in good faith. Therefore, simply alleging that the disclosure of information was unauthorized is insufficient to allege bad faith. Bad faith requires something more. And here, Ms. Colon has alleged no facts that give rise to a claim of bad faith. In addition, Ms. Colon fails to allege that Dr. Kassop knew he was violating the Act, a condition precedent to liability. Accordingly, Count V should be dismissed without prejudice.

Even if this Court were to find that Count V was sufficiently pled to survive a motion to dismiss, the Court should decline to extend its supplemental jurisdiction over this claim once Count IV has been dismissed. Count V is a state law claim, which is better left to a Maryland state court to adjudicate, if at all.

## II.     FACTUAL BACKGROUND

The relevant facts are cogently summarized in the Memorandum in Support of the Motion to Dismiss filed by the Government and Secretary Mattis. (ECF 12-1, at 4-6). Dr. Kassop incorporates that recitation of facts herein by reference.

## III.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a claim for relief when the complaint "fail[s] to state a claim upon which relief can be granted." While the complaint is to be construed in the light most favorable to the plaintiff, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Associates Ltd.*

2

*Partnership*, 213 F.3d 175 (4th Cir. 2000). *See generally* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990 & 1998 Supp.). "[A] complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). And the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, the Complaint fails to state a cognizable claim for relief.

IV. **ARGUMENT**

  A. **A *Bivens* violation under the Ninth Amendment is not a legally cognizable claim.**

In Count IV of the Complaint, Ms. Colon has asserted what she calls a "Bivens Violation of the Ninth Amendment." (ECF 1 at 14.) There is no such thing. The Supreme Court has been unwilling to expand constitutional claims under *Bivens* beyond the Fourth, Fifth, or Eighth Amendments to the Constitution. The Fourth Circuit has adhered to the Supreme Court's restrictive approach. Count IV should be dismissed with prejudice.

In *Judicial Watch, Inc. v. Rossotti*, 317 F. 3d 401 (4th Cir. 2003), the Fourth Circuit reviewed the history and limitations of *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

> In *Bivens,* the Supreme Court found that the Fourth Amendment contained an implied private cause of action for damages against federal narcotics agents who allegedly conducted an illegal search and seizure. *See Bivens,* 403 U.S. at 397, 91 S.Ct. 1999. The Court concluded that it could recognize this new constitutional tort because, although Congress had never provided for such a private right of action, "no explicit congressional declaration" prohibited it, and "no special factors counsel[ed] hesitation [by the Court] in the absence of affirmative action by Congress." *Id.* at 396–97, 91 S.Ct. 1999.
>
> In the more than thirty years since *Bivens,* the Court has been very hesitant to imply other private actions for money damages.
>
> Indeed, the Court has only recognized two other such actions—one under the Due Process Clause of the Fifth Amendment, *Davis v. Passman,* 442 U.S. 228, 245–49, 99

3

S.Ct. 2264, 60 L.Ed.2d 846 (1979) (finding *Bivens* remedy for alleged violation of due process rights because of gender discrimination by United States Congressman in terminating petitioner's employment), and one under the Cruel and Unusual Punishment Clause of the Eighth Amendment, *Carlson v. Green,* 446 U.S. 14, 18–23, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (finding *Bivens* remedy for federal prisoner who was allegedly deprived of potentially life-saving treatment in violation of his Eighth Amendment rights). Instead, the Court has directed its attention to cabining the *Bivens* doctrine. *See Correctional Services Corp. v. Malesko,* 534 U.S. 61, 122 S.Ct. 515, 520, 151 L.Ed.2d 456 (2001) ("Since *Carlson* we have consistently refused to extend *Bivens* liability to any new context or new category of defendants.").

*Judicial Watch, Inc. v. Rossotti*, 317 F. 3d at 409.

In *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), Justice Scalia explained the Supreme Court's rationale in declining to extend *Bivens* any further in the constitutional context.

> *Bivens* is a relic of the heady days in which this Court assumed common-law powers to create causes of action—decreeing them to be "implied" by the mere existence of a statutory or constitutional prohibition. As the Court points out, [] we have abandoned that power to invent "implications" in the statutory field, *see Alexander v. Sandoval*, 532 U.S. 275, 287, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). There is even greater reason to abandon it in the constitutional field, since an "implication" imagined in the Constitution can presumably not even be repudiated by Congress. I would limit *Bivens* and its two follow-on cases (*Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), and *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)) to the precise circumstances that they involved.

*Id.* at 75 (J. Scalia, concurring).

Following Supreme Court precedent, the Fourth Circuit has refused to extend *Bivens*. *See e.g., Hall v. Clinton,* 235 F.3d 202, 204 (4th Cir.2000) (declining to create a Fifth Amendment *Bivens* remedy for White House employee because Congress had already established an exclusive statutory remedy); *Zimbelman v. Savage,* 228 F.3d 367, 371 (4th Cir.2000) (finding that special factor of federal employment counseled against creating a *Bivens* remedy for Air Force personnel alleging unfair termination of employment based on false accusations). There is no basis in the controlling case law to support a *Bivens* claim under the Ninth Amendment, as alleged here. Accordingly, the Court should dismiss Count IV with prejudice.

**B.      Ms. Colon fails to allege bad faith and scienter under Count V.**

The Maryland Confidentiality of Medical Records Act ("the Act") requires a health care provider to keep the medical record of a patient or recipient confidential.  Md. Code Ann. § 4-302.  A health care provider or any other person who knowingly violates any provision of the Act is liable for actual damages.  Md. Code Ann. § 4-309(f).  However, a health care provider, who in good faith discloses or does not disclose a medical record, is not liable in any cause of action arising from the disclosure or nondisclosure of the medical record.  Md. Code Ann. § 4-308.

The Complaint fails to state a claim under Count V for two reasons, either of which is fatal to its claim.  *First*, the Complaint fails to plead with any specificity that Dr. Kassop acted in bad faith when he allegedly disclosed the medical records.  Instead, Ms. Colon makes the bald conclusory assertion that "Dr. Kassop['s] . . . disclosure of Plaintiff's medical records was not in good faith." (ECF 1 at 16).  The facts pled in the Complaint do not suggest bad faith on the part of Dr. Kassop. The Complaint alleges that Ms. Colon admitted to having committed adultery while serving in the Army, bore a child from the adulterous affair, suffered trauma as a result of a sexual assault by three service members in Iraq, suffered post-traumatic stress from her time in combat, suffered post-partum depression following the birth of her two children, and sought professional help through the Army to address her mental health issues.  (ECF 1 at 4).  Ms. Colon was allegedly involved in a custody dispute with the father of one of her children.  Under these facts, there is nothing to suggest that Dr. Kassop's allegedly unauthorized disclosure of Ms. Colon's medical record was made in bad faith.  Indeed, the logical inference is that Dr. Kassop would have provided the records in good faith in connection with court proceedings.  As the statute makes clear, good faith excuses unauthorized disclosure from civil liability.  Thus, Ms. Colon must allege more that the simple lack of authorization to disclose the records to plausibly plead bad faith.  Ms. Colon offers nothing else.

While a complaint is to be construed in the light most favorable to the plaintiff, the Court need not accept as true "a legal conclusion couched as a factual allegation, or to accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C.Cir.2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)). Thus, where, as here, the facts do not support the inference urged by Ms. Colon, the Complaint does not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Second*, the Complaint fails to allege that Dr. Kassop <u>knowingly</u> violated the Act. It is alleged that Dr. Kassop is licensed to practice in Maryland. (ECF 1 at 2). The Complaint further alleges that Dr. Kassop accessed Ms. Colon's records through the Armed Forces Health Longitudinal Technology Application (AHLTA) while stationed at Walter Reed Army Medical Center, and then disclosed them without permission. (ECF 1 at 5). The Complaint finally alleges that Dr. Kassop "knowingly and willfully requested and obtained Plaintiff's medical records." (ECF 1 at 15). But nowhere does the Complaint allege that Dr. Kassop was aware of the limitations imposed under the Act concerning the disclosure of patient information. In failing to plead that Dr. Kassop knowingly violated the Act, Ms. Colon fails to state a cognizable claim for relief.

### C.   This Court should decline to exercise supplemental jurisdiction over Count V.

Even if this Court were to find that Ms. Colon has stated a claim under Count V, it would be the only claim remaining against Dr. Kassop after this Court dismisses Count IV. As a state law claim, Ms. Colon relies on this Court's supplemental jurisdiction. (ECF 1 at 3). A district court has discretion to dismiss a case where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The supplemental jurisdiction doctrine is one of "flexibility," and therefore, a court's exercise of discretion under § 1367(c)(3) is afforded "wide latitude." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (internal quotation marks omitted). The four factors a court considers in deciding

whether to exercise supplemental jurisdiction are: "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

After considering these factors, this Court should decline to exercise supplemental jurisdiction over Ms. Colon's remaining state law claim and dismiss it without prejudice. Ms. Colon's state claim—an alleged violation of the Maryland Confidentiality of Records Act —is best reserved for Maryland state courts.

Moreover, because Dr. Kassop is represented by Maryland counsel, co-defendant Berkowitz is a resident of Maryland, and Ms. Colon has already availed herself of a Maryland forum, declining to exercise jurisdiction would be neither unfair nor inconvenient to the parties. Finally, in view of the early stage of litigation, the parties would not be burdened by a change in jurisdiction. If Ms. Colon chooses, she may file her claim in a state court "within thirty days of the entry of this court's order of dismissal without it being time-barred." *Farmer v. Kavanagh*, 494 F. Supp. 2d 345, 371 n.51 (D. Md. 2007) (citing Md. Rule 2–101(b)(2)).

[*continued on next page*]

WHEREFORE, Dr. Kassop respectfully asks this Court to dismiss Count IV with prejudice, to dismiss Count V without prejudice, and to decline to exercise jurisdiction over Count V.

Respectfully submitted,

*/s/ Charles N. Curlett, Jr.*
_____
Charles N. Curlett, Jr.
LEVIN & CURLETT LLC
300 E. Lombard Street, Suite 1510
Baltimore, Maryland 21202
Tel: 410-685-0008
Fax: 410-685-2222
ccurlett@levincurlett.com

*Attorney for Defendant Dr. David Kassop*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Dismiss was served on all parties via CM/ECF.

_____
Charles N. Curlett, Jr.