IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLAIRE COLON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:17-CV-00775-JFM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| THE HONORABLE JAMES MATTIS, | ) | |
| | ) | |
| DAVID KASSOP, | ) | |
| | ) | |
| STEVEN BERKOWITZ, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

DECLARATION

DECLARANT states as follows, to wit:

THAT, I, H.H. DRONBERGER, am presently serving as Director, Claims and Tort Litigation Division, Office of the Judge Advocate General, Department of the Navy, 1322 Patterson Avenue, S.E., Suite 3000, Bldg 33, Code 15, Washington Navy Yard, D.C. 20374-5066.

THAT, in this position, I am responsible for the supervision and monitoring of the practices and procedures relative to all administrative claims presented to the Department of the Navy arising under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680), and the supervision and monitoring, on behalf of the Department of the Navy, of all litigation in the Federal district courts generated by such claims.

THAT, I am the custodian of the Department of the Navy's Claims and Tort Litigation records.

THAT, acting in the aforementioned capacity, I have caused a search to be made of the records maintained within the Office of the Judge Advocate General of the Navy and the Tort Claims Unit, Norfolk, Virginia, to determine whether Plaintiff, Claire Colon, filed an administrative claim against the Department of the Navy, in any capacity, with respect to the matters at issue in the above-captioned case prior to commencing this action as required by 28 U.S.C. § 2675(a).

On February 23, 2016, Claire Colon, by and through The Federal Practice Group, filed an administrative claim with the Department of the Army. *See* Exh. 1 hereto. This claim was forwarded to and received by the Department of the Navy on March 31, 2016, for adjudication. Plaintiff's attorneys were made aware that the Department of the Navy is the lead agency for tort claims alleged to have been committed at Walter Reed National Military Medical Center, in Bethesda, Maryland, by government employees acting within the scope of their employment. The administrative claim concerned allegations of wrongful access to plaintiff's private medical records by Major David Kassop during November 2013 while he was working at Walter Reed National Military Medical Center, and Major Kassop's "access to and disclosure of [plaintiff's] private medical records in November 2015. *Id.* The administrative claim did not mention any unauthorized access or disclosure of plaintiff's or her minor daughter's private and confidential healthcare records by Dr. Steven Berkowitz or any other Government employee between February and November 2015 out of Kimbrough Ambulatory Medical Center, Fort Meade, Maryland. *Id.*

THAT, all reasonable searches have failed to reveal that Claire Colon has filed such an administrative claim regarding actions taken by Dr. Steven Berkowitz while he was acting as an employee of the United States Army at Kimbrough Ambulatory Medical Center, Fort Meade, Maryland, and, to the best of my knowledge and belief, Claire Colon has not filed an administrative claim with or against the Department of the Navy based on the actions taken by Steven Berkowitz in in his capacity as an employee of the United States Army for any alleged wrongs committed between February and November 2015.

I declare under penalty of perjury that the foregoing Declaration is true and correct.

12 MAY 2017
Date

H. H. DRONBERGER

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

RECEIVED MAR 1 0 2016 BY: [signature]

**1. Submit to Appropriate Federal Agency:**

Department of the Army
Fort Lesley J. McNair
Office of the Staff Judge Advocate
103 Third Avenue SW Washington, D.C. 20319-5058

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.

Claimant: Claire Colon 1671 Hoolana Street, Pearl City, HI, 96782. Claimant's Representative: Eric S. Montalvo, The Federal Practice Group Worldwide Service, 1750 K St., Suite 900, Washington, D.C. 20006

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | [redacted] 1982 | Married | 11/22/2013   Friday | 1800 |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Please see enclosure.

## PROPERTY DAMAGE

**9. NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT** (Number, Street, City, State, and Zip Code).

None

**BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED.** (See instructions on reverse side).

None

## PERSONAL INJURY/WRONGFUL DEATH

**10. STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.**

As of the filing of this form, Claimant's currently known damages include: mental distress, increased attorneys' fees and costs in custody litigation, martial distress, fear of seeing a physician, fear of continued unauthorized access to her and her Minor Child's medical records. As Claimant continues to learn of the scope and extent of her damages, she reserves the right to amend the nature and extent of her damages.

## WITNESSES

| 11. NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| N/A | |
| N/A | |
| N/A | |

RECEIVED APR 2016 TCU-NORF

## AMOUNT OF CLAIM (in dollars)

**12.** (See instructions on reverse).

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights) |
|---|---|---|---|
| 0.00 | $5,000,000.00 | 0.00 | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | 202-862-4360 | 3/23/16 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

N/A

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?**   ☐ Yes   ☐ No    **17. If deductible, state amount.**

N/A

0.00

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts).

N/A

**19. Do you carry public liability and property damage insurance?** ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

**(d)** Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

Claire Colon
Form 95
Addendum to Number 8

8. Basis of the claim.

The basis of Claimant's claim is a series of unauthorized disclosures of Claimant's confidential and private identifiable health information by United States Army Major Dave Kassop, a Cardiologist at Walter Reed Medical Center, as well as unauthorized access to Claimant's Minor Child's medical information. On November 22, 2013, MAJ Kassop, while working at Walter Reed, illegally accessed Claimant's individually identifiable protected health information in the Armed Forces Health Longitudinal Technology Application for approximately one hour. MAJ Kassop obtained Claimant's physical and mental health history, and provided this information to Major Christian Wollenburg. MAJ Wollenburg used this information, without Claimant's knowledge or consent, to defend against a 15-6 investigation for Adultery and a child custody dispute with Claimant. Claimant never authorized MAJ Kassop to access or disclose her private medical information. Claimant never authorized MAJ Kassop to provide this information to MAJ Wollenburg. Claimant discovered MAJ Kassop's access to and disclosure of her private medical records in November 2015. Upon learning of these unauthorized disclosures, Claimant learned of additional unauthorized access and disclosures of her and her Minor Child's medical information. Claimant is still learning the full nature, scope, and continuality of the unauthorized access and disclosures. In obtaining and disclosing Claimant's and Claimant's Minor Child's individually identifiable private and confidential health information, the Army: disclosed to the public private facts; failed to train employees on the protection and disclosure of private and confidential health information; failed to supervise MAJ Kassop in the performance of his duties; violated the D.C. Mental Health Information Act, D.C. Code Ann. § 7-1201.02; engaged in civil conspiracy; caused severe emotional distress; violated the Privacy Act, 5 U.S.C. § 552a(b); and violated Claimant's constitutional right to privacy.



Eric S. Montalvo
Lic: DC, NJ, PA

VIA ELECTRONIC MAIL ONLY

## POWER OF ATTORNEY

I, Claire Colon, residing at the following address:

1671 Hoolana Street
Pearl City, HI 96782

Do hereby designate The Federal Practice Group Worldwide Service to serve as my attorneys in all matters in all matters relating to the wrongful disclosure of my protected medical information. This includes the filing of an administrative claim with the government. I authorize all branches, agencies, appointees, officials, and employees of the federal government of the United States of America, as well as of the governments of any State, county, or Municipality in the United States, to fully communicate with and release to my herein designated attorneys any and all information related to me and my active duty military career as deemed necessary. This also constitutes a waiver of his rights under the Privacy Act, 5 U.S.C. § 552a. This Power of Attorney will remain in effect until withdrawn by me and/or my designated attorneys.

_____          19 Feb 2016
Claire Colon                       Date:




Caroline C. Leary
Lic: SC**
cleary@fedpractice.com

<u>Via Certified Mail- Return Receipt Requested</u>

February 23, 2016

Department of the Army
Fort Lesley J. McNair
Office of the Staff Judge Advocate
103 Third Avenue SW
Washington, D.C. 20319-5058

Re:   Claire Colon's SF 95

To Whom it May Concern:

Please be advised this firm represents Claire Colon in the above-referenced matter. Enclosed please find Ms. Colon's claim for damage and injury against the United States.

Should you have any questions, or would like to discuss this matter, please do not hesitate to contact Eric Montalvo at emontalvo@fedpractice.com or (202) 863-4360. Thank you for your time and consideration.

Sincerely,

Caroline C. Leary

Enclosure:   (1) Ms. Colon's FTCA Claim
(2) Ms. Colon's FTCA Claim Supplement
(3) Ms. Colon's POA