## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLAIRE COLON, | * | |
| Plaintiff, | * | |
| | | Case No. 1:17-cv-00775-JFM |
| v. | * | |
| UNITED STATES OF AMERICA, et al., | * | |
| Defendants. | * | |

### DEFENDANT DAVID KASSOP'S MOTION TO DISMISS AND TO ADOPT DEFENDANT STEVEN BERKOWITZ'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

The Defendant Major David Kassop ("Dr. Kassop"), through undersigned counsel, Charles N. Curlett, Jr. of Levin & Curlett LLC, hereby moves this Court pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss Counts IV, V and VI of the Amended Complaint ("Complaint") and adopts the Motion to Dismiss of Defendant Dr. Steven Berkowitz ("Dr. Berkowitz") (ECF 27, 27-1).

Dr. Kassop and Dr. Berkowitz are named in Counts IV, V, and VI of the Complaint. The arguments concerning jurisdictional and substantive defects raised in support of Dr. Berkowitz's Motion to Dismiss apply with equal force to Dr. Kassop.

Two arguments in support of Dr. Berkowitz's Motion to Dismiss raise facts unique to Dr. Berkowitz, but the distinctions are legally immaterial to Dr. Kassop's motion. First, Dr. Berkowitz's actions are alleged to have taken place at Kimbrough Ambulatory Medical Center on Fort Meade, Maryland, while Dr. Kassop's actions are alleged to have taken place at the Walter Reed Army Medical Center in Bethesda, Maryland. That distinction is of no legal relevance because the federal enclave doctrine, raised in support of the motion to dismiss the state-law claims in Counts V and VI, applies to both facilities. *See Bouther v. Cleveland Const. Inc.*, 2011 WL 2976868 (D. Md. 2011).

Additionally, Dr. Berkowitz argues that Count V fails to adequately allege that Dr. Berkowitz "knowingly and willfully" accessed and disclosed Plaintiff's Medical Records "in bad faith," as Required by the MCMRA.  Count V is similarly deficient with respect to Dr. Kassop.  The Complaint fails to plead with any specificity that Dr. Kassop acted in bad faith when he allegedly disclosed the medical records.  Instead, CPT Colon makes the conclusory assertion that "Dr. Kassop and Dr. Berkowitz's disclosures of Plaintiff's medical records were in bad faith, as the disclosures were not for a lawful purpose and were intended to assist MAJ Wollenburg to Plaintiff's detriment." (ECF 19-1 at ¶ 68).

The facts pled in the Complaint do not suggest bad faith on the part of Dr. Kassop.  The Complaint alleges that CPT Colon admitted to having committed adultery while serving in the Army, bore a child from the adulterous affair, suffered trauma as a result of a sexual assault by three service members in Iraq, suffered post-traumatic stress from her time in combat, suffered post-partum depression following the birth of her two children, and sought professional help through the Army to address her mental health issues. (ECF 19-1 at ¶ 10).  CPT Colon was allegedly involved in a custody dispute with the father of one of her children.  Under these facts, there is nothing to suggest that Dr. Kassop's allegedly unauthorized disclosure of CPT Colon's medical record was made in bad faith.  Indeed, the logical inference is that Dr. Kassop would have provided the records in good faith to be used by counsel in court proceedings as necessary and appropriate.

As the MCMRA makes clear, good faith excuses unauthorized disclosure from civil liability.  As with Dr. Berkowitz, the Complaint "does not raise CPT Colon's 'right to relief above the speculative level.' *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (allegations must 'allow[] the court to draw the reasonable inference that defendant is liable for the misconduct alleged').  Absent those allegations, CPT Colon's claim that Dr. [Kassop] knowingly accessed and disclosed CPT Colon's health information in bad faith is no more than an 'unwarranted inference[] [and] unreasonable

2

conclusion[].' *Wag More Dogs, Ltd. Liability Corp. v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) (internal quotations omitted))." (ECF 27-1 at p. 16).

For the foregoing reasons, Dr. Kassop's Motion to Dismiss should be granted, and the Complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

Respectfully submitted,

_____
Charles N. Curlett, Jr.
LEVIN & CURLETT LLC
300 E. Lombard Street, Suite 1510
Baltimore, Maryland 21202
Tel: 410-685-0008
Fax: 410-685-2222
ccurlett@levincurlett.com

*Attorney for Defendant Dr. David Kassop*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Dismiss was served on all parties via CM/ECF.

_____
Charles N. Curlett, Jr.

3